UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )    CR. No. 10-184-1 S
                                    )
JASON WAYNE PLEAU,                  )
        Defendant.                  )
_____)

**ORDER REQUIRING THE DEPARTMENT OF JUSTICE TO ISSUE NOTICE AS TO WHETHER IT WILL SEEK THE DEATH PENALTY**

WILLIAM E. SMITH, United States District Judge.

Defendant Jason Wayne Pleau was indicted by a federal Grand Jury on December 14, 2010, on three counts, viz., conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); robbery affecting commerce, in violation of 18 U.S.C. § 1951(a); and possessing, using, carrying, and discharging a firearm in relation to a crime of violence with death resulting, in violation of 18 U.S.C. §§ 924(c)(1)(A) & (j)(1). This last offense exposes Defendant Pleau to a potential sentence of death.

Pursuant to 18 U.S.C. § 3005, Defendant Pleau was appointed, at the time of indictment, counsel learned in the defense of death penalty cases and local counsel. Although Defendant had not yet been brought into federal custody for arraignment, on July 25, 2011, the defense team, following Department of Justice protocol, made a presentation to the

Capital Case Unit of the Department of Justice on Defendant's behalf designed to dissuade the Department of Justice from seeking the death penalty. The recommendation of the U.S. Attorney for Rhode Island to the Capital Case Unit is not known.

Arraignment was originally set in this case for July 8, 2011. However, in a much-publicized and well-documented detour, the Governor of Rhode Island "dishonored" the request to turn over Defendant to federal custody under the Interstate Agreement on Detainers Act (IAD); the Court issued a habeas writ on June 30, 2011, see United States v. Pleau, CR. No. 10-184-S, 2011 WL 2605301, at *4 (D.R.I. June 30, 2011), which was subsequently stayed by the First Circuit Court of Appeals pending appeal. After much litigation there, see generally United States v. Pleau, Nos. 11–1775, 11–1782, 2012 WL 1581969 (1st Cir. May 7, 2012), the en banc court recently affirmed this Court, lifted the stay, and issued its Mandate on May 29, 2012. After the Supreme Court's duty justice denied a last-ditch plea for a stay, this Court issued a new habeas writ, and Defendant was brought into federal custody and arraigned on May 30, 2012.

While this case has been winding its way through the appeals process concerning the effect of the IAD on the Court's authority to issue a habeas writ (nearly a year now), the death penalty question has been pending with the Department of Justice Capital Case Unit. The Court assumes that notice has not issued

because of legitimate concerns generated by the IAD litigation. Now that these concerns have been eliminated, and Defendant has been brought into federal custody and arraigned, the Court is aware of no reason for the Department of Justice to delay issuing the notice.

Federal law requires that a defendant be given adequate notice of the government's intention to seek the death penalty. See 18 U.S.C. § 3593(a). This case is currently slated for trial in September and October 2012. If the government issues a notice of intent to seek the death penalty, the Court expects motions to continue the trial to a future date; however, if the government does not seek the death penalty, this trial schedule will put considerable pressure on the prosecution, the defense, and the Court to prepare for trial in September. The Court is beginning another trial that is anticipated to last three to four months beginning in November, so any delay would require putting this trial off until March 2013. For all of these reasons, it is imperative that the Department of Justice issue its determination forthwith.

Therefore, the United States is hereby ORDERED to issue notice of whether it intends to seek the death penalty no later than June 12, 2012. See Guide to Judiciary Policies and Procedures, Vol. VII, Ch. 6, § 670 (advising courts to set a schedule "for resolution of whether the government will seek the

3

death penalty," including the government's filing of a notice under 18 U.S.C. § 3593(a)); cf. United States v. W.R. Grace, 526 F.3d 499, 510 (9th Cir. 2008) ("It is recognized that wide latitude is reposed in the district court to carry out successfully its mandate to effectuate, as far as possible, the speedy and orderly administration of justice." (quoting United States v. Cannone, 528 F.2d 296, 298 (2d Cir. 1975))). Failure to file such notice shall cause this case to be treated as an ordinary felony case where the death penalty is not applicable, and the United States shall be prohibited from seeking the death penalty.

A conference with all counsel will be held on June 13, 2012 at 11:30 a.m. to further discuss scheduling and other pre-trial matters.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: June 6, 2012