UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                    )
United States of America            )
                                    )
        v.                          )        CR. No. 10-184-1 S
                                    )
Jason W. Pleau, et al.,             )
                                    )
            Defendants.             )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is the government's motion for the issuance of a subpoena duces tecum upon the Woonsocket, Rhode Island School Department in the above-captioned matter to obtain any and all records relating to Jason W. Pleau.

The government moves for the issuance of the subpoena pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232g,[1] and Local Rule Cr 17(a)(1) of the United States District Court for the District of Rhode Island.

Rule 17(c)(1) of the Federal Rules of Criminal Procedure provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena

_____

[1] The government initially cites 20 U.S.C. § 1232g (b)(1)(J)(ii) but later cites 20 U.S.C. § 1232g(b)(2)(B) in support of its motion. Because the subpoena can be granted under either provision, the Court refers to FERPA generally.

designates."  For a subpoena to require production prior to trial, the moving party must show the following:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably
> in advance of trial by exercise of due diligence; (3)
> that the party cannot properly prepare for trial
> without such production and inspection in advance of
> trial and that the failure to obtain such inspection
> may tend unreasonably to delay the trial; and (4) that
> the application is made in good faith and is not
> intended as a general "fishing expedition."

United States v. Nixon, 418 U.S. 683, 699-700 (1974) (internal footnote omitted).

FERPA, meanwhile, affords privacy protection against parties accessing an individual's educational records, absent that individual's consent, but contains an exception to this requirement when the records are obtained pursuant to a judicial order or subpoena "upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2)(B).

Here, the government seeks any transcripts documenting academic performance, reports of academic deficiencies, academic and or behavioral progress notes, counseling records, disciplinary records, attendance records, scholarship awards, individualized education plans, and any and all other documents or writings, including those stored on electronic media, from the Woonsocket, Rhode Island School Department.  The government

2

argues that these records are relevant and material to imposing a penalty upon Pleau because they likely contain evidence pertinent to assessing Pleau's rehabilitative potential, in addition to presenting possible aggravating or mitigating factors.

The government identifies each of the factors discussed in Nixon and asserts that it has met this standard.  First, the documents are evidentiary and relevant because the information regarding Pleau's academic performance, social skills, disciplinary record, and personal history is essential for the jury to use in imposing an individualized sentence.  Second, the records are not otherwise procurable because of the prohibition contained in FERPA.  Third, the government avers that it is unable to prepare for trial without the documents because they are necessary to identifying non-statutory mitigating factors and essential to preparing for the presentation to the jury. Fourth, the government seeks the records in good faith as a result of the government's knowledge that Pleau attended Woonsocket public schools and that the school district maintains records of this nature.

Defendant objects to the government's motion under FERPA, Fed. R. Crim. P. 17(c), and LR Cr 17(a)(1) of the United States District Court for the District of Rhode Island.  Defendant argues that FERPA requires the government to demonstrate that

its need for access to Pleau's educational records outweighs his privacy interests. Since the government did not require these records to indict Pleau, or serve him notice of its intention to seek the death penalty, Defendant reasons that the government has failed to meet its burden under FERPA. Defendant also insists that the government failed to meet the requirements to issue a subpoena under Fed. R. Crim. P. 17(c) because the request lacks specificity, is too broad, and, in essence, is a "fishing expedition."

Having considered the arguments of the parties, the Court is satisfied that the government has established the necessity of its review of Pleau's educational records in accordance with Fed. R. Crim. P. 17(c), FERPA, and LR Cr 17(a)(1) of the United States District Court for the District of Rhode Island.

The government has met its burden under Fed. R. Crim. P. 17(c) by demonstrating that the records are highly relevant, not procurable by other means in light of FERPA, necessary for trial preparation, and sufficiently specific. Pleau's educational records are relevant to the identification of possible aggravating or mitigating factors at the penalty stage. The government's record request is also specific because it is only focused upon one student.

The nature of the records the government seeks implicates FERPA's requirement that the party seeking disclosure

4

"demonstrate a genuine need for the information that outweighs the privacy interest of the students."  Rios v. Read, 73 F.R.D. 589, 599 (E.D.N.Y. 1977).  Here, Pleau's privacy interests are outweighed by the government's genuine need for access to Pleau's educational records because the records are highly relevant to the merits of the case, and the assessment of a penalty, especially because the government is seeking a penalty of death.

The Court, therefore, hereby GRANTS the government's motion for the issuance of a subpoena duces tecum.


IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  September 21, 2012